**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| UNITED AERIAL ADVERTISING, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:19-14219(FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| TOWNSHIP OF LAKEWOOD; | : | |
| LAKEWOOD INDUSTRIAL | : | |
| COMMISSION; STEVEN REINMAN; | : | |
| and DOES 1–100, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOLFSON, Chief Judge:**

Before the Court is a motion to dismiss filed by Defendants Township of Lakewood, Lakewood Industrial Commission, and Steven Reinman (collectively, "Defendants"), seeking dismissal of all claims in the Complaint of Plaintiff United Aerial Advertising, Inc. ("UAA" or "Plaintiff") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**; all claims against Defendants are dismissed without prejudice.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For the purposes of this motion, the Court assumes as true the relevant facts derived from Plaintiff's Complaint and the documents attached thereto.

On June 18, 2018, UAA and Defendants entered into a settlement agreement ("Settlement Agreement") resolving the litigation between the parties regarding the disallowance of UAA's banner towing operations from the Lakewood Airport; the Airport was owned by the Township

of Lakewood during the relevant periods involved in this case. (Compl. ¶ 13.) The settlement

was facilitated by the Magistrate Judge. (Def.'s Arg. for Lack of Jurisdiction ("Def.'s Arg."), at

8; Pl.'s Br. In Opp'n to Mot. to Dismiss ("Pl.'s Br. in Opp'n"), at 4.)  The Settlement Agreement

provides in Paragraph 1B:

> Lakewood shall take no further action to disallow, suspend, or
> otherwise interfere with banner towing operations at Lakewood
> Airport except for reason of what it believes to be a bona fide
> emergency related to safety of flight operations. Any such
> emergency shall be reported immediately to the responsible Flight
> Standards District Office [("FSDO")]of the Federal Aviation
> Administration, and to affected towers, including UAA and ASN.
> Lakewood shall convene a meeting of such affected parties within
> 24 hours to address same. If the parties cannot agree, operations
> may not resume until the FAA evaluates and determines whether,
> when and under what conditions tow operations may resume.

(Compl. ¶ 14.) The Settlement Agreement also stated in Paragraph 13, "[t]he court will retain

jurisdiction of this matter for purposes of enforcing the settlement." (Compl. ¶ 16.) The Court's

Dismissal Order did not reference the retention of jurisdiction or incorporate the terms of the

Settlement Agreement.

After an incident on August 4, 2018, when an UAA plane crashed at Lakewood Airport,

Defendant Steven Reinman, Lakewood Airport manager and Executive Director of the

Lakewood Township Industrial Commission, determined that Plaintiff was in violation of

Standard Operating Procedures ("SOP"). (Def.'s Arg., at 8.) Plaintiff denies any violation of the

SOP or any other safety violations. (*See* Compl. ¶ 23.) Plaintiff maintains that after this incident,

UAA's flight operations were unilaterally suspended by Defendants without contacting the

Philadelphia FSDO, or convening a meeting of the parties as required by the Settlement

Agreement. (*See* Compl. ¶ 24.)  Defendants claim that video footage and photographs of the

alleged safety violations were provided to FAA/FSDO leadership in Washington, D.C., who then

told Defendants to "take all necessary actions to stop the dangerous activity in its airport." (Def.'s Arg, at 8-9.) Defendants further claim that a meeting of the parties was convened, and a decision was made to suspend UAA's operations for one day. (Def.'s Arg., at 9.) Defendants explain that UAA was permitted to resume its operations after this one-day suspension. (Def's Arg., at 9.)

On June 25, 2019, Plaintiff filed the instant Complaint to enforce the Settlement Agreement and recover damages for the alleged breach by Defendants. (Def.'s Arg., at 2.) The Complaint asserts the following claims: (1) Civil Action for Deprivation of Rights in violation of 42 U.S.C. § 1983, (2) Breach of Contract, (3) Breach of Implied Covenant of Good Faith and Fair Dealing, (4) Fraudulent Inducement; (5) Fraud, (6) Negligent Misrepresentation/Non-Disclosure, and (7) Arbitrary and Capricious Denial of Access (*See* Compl. ¶ 2.) Plaintiff is seeking declaratory judgment pursuant to 28 U.S.C. § 2201 to establish Defendants' violations of Plaintiff's rights, privileges and immunities and injunctive relief to cease the alleged breach of the Settlement Agreement by Defendants. (*See* Compl. ¶¶ 67-79.)

## II.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a proceeding for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, such as here, the movant challenges the legal sufficiency of the

claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.*

### III.   ANALYSIS[1]

#### A.  Deprivation of Rights Pursuant to § 1983

Plaintiff fails to state a claim under 42 U.S.C. § 1983.  To state a claim for deprivation of one's rights under § 1983, the plaintiff must show firstly, "the conduct complained of was committed by a person acting under color of law" and, secondly, that this conduct "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parrat v. Taylor*, 451 U.S. 527, 535 (1981). The purpose of § 1983 is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

As to the state action requirement, Plaintiff has alleged Defendants acted under color of law as Defendant Township of Lakewood is a municipal corporation of the State of New Jersey, Defendant Lakewood Industrial Commission is a commission of the Township of Lakewood, and Defendant Reinman is an employee of Lakewood Township. (*See* Compl. ¶¶ 4-6.)  Indeed, local governments qualify as "person[s]" for the purposes of  § 1983 and may be sued under §

---

[1]      While there is no dispute that diversity jurisdiction does not exist, in their moving brief, Defendant inexplicably argues that Plaintiff has failed to demonstrate subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which "is the jurisdictional counterpart" of the substantive law contained in section 1983.  *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613 (1979). Indeed, § 1343(a)(3) is one of two methods of establishing jurisdiction over section 1983 claims; the other method is through federal question jurisdiction under 28 U.S.C. § 1331.  In that regard, Defendant need not have invoked § 1343, because the Court has subject matter jurisdiction based on Plaintiff's federal § 1983 claim.  In addition, it appears, based on the arguments presented, Defendants contest whether Plaintiff has sufficiently pled its § 1983 claim.  The Court will address this issue, *infra*.

1983. *Monell v. Dep't of Soc. Servs.*, 426 U.S. 658, 700 (1978). In addition, because under the color of law means "under the 'pretense' of law," acts of officers who undertake to perform their official duties are also amenable to suit under § 1983. *Screws v. United States*, 325 U.S. 91, 111 (1945). However, glaringly, Plaintiff has failed to aver any rights, privileges, or immunities secured by the Constitution or federal law of which they were deprived. The Complaint simply alleges, generally, to "rights, privilege or immunities" and "financial damage" suffered as a result of Defendants' alleged conduct. (Compl. ¶¶ 31-33.) Since no federal law or constitutionally guaranteed right is identified or thus, implicated, Plaintiff has failed to state a claim under § 1983.[2]

**B. Subject Matter Jurisdiction**

Having determined that Plaintiff failed to state a claim under § 1983, what remains are a plethora of state law claims, which all center around the Settlement Agreement. Plaintiff argues, nevertheless, that the Court has subject matter jurisdiction over the state law claims pursuant to federal question jurisdiction under the Supreme Court's decision in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To that end, Plaintiff argues it has pled that "Lakewood's actions in breaching the Settlement Agreement are based on Lakewood's assertions of violations of FAA safety regulations." (Pl.'s Br. in Opp'n, at 10.) Plaintiff also claims the Court retained jurisdiction over the Settlement Agreement under the doctrine of ancillary jurisdiction. In response, Defendants argue that federal question jurisdiction does not exist because the state law claims do not raise a substantial issue of federal law. Furthermore,

---

[2]      Indeed, having reviewed the substance of the Complaint, it does not appear that Plaintiff has asserted any facts or circumstances that could give rise to a violation under § 1983.

Defendants contend the Court did not retain jurisdiction over the Settlement Agreement, as the Court did not include the necessary language in the Order dismissing the original case.

### i. *Federal Question Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consistent with that concept, Congress has authorized that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has jurisdiction over a matter pursuant to diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For federal question jurisdiction the federal question must be raised in the complaint, as "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) ("Because the plaintiff acts as 'master of the claim,' a court looks to the face of a complaint in accordance with the 'well-pleaded complaint' rule in order to determine whether the action rests upon a federal claim.").

In order to determine whether there is federal question subject matter jurisdiction, the court must look to plaintiff's complaint and cannot consider potential federal defenses. *See Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Indeed, the majority of cases that come within federal question jurisdiction are those in which federal law creates the cause of

action. *See Id.* However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable,* 545 U.S. at 312 (citation omitted). The Supreme Court has reaffirmed that, the "'special and small category' of cases" in which federal question jurisdiction will predominate over state-law claims that implicate significant federal issues, is "slim." *Gunn v. Minton,* 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance v. McVeigh,* 547 U.S. 677, 699 (2006)).

The Supreme Court has set forth the necessary circumstances in which federal question can predominate over a state law claim:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (internal quotations omitted) (citing *Grable*, 545 U.S. at 313-14). These are also known as the *Grable* requirements.

Importantly, it is not sufficient that the federal issue be significant to the particular parties in the immediate suit; indeed, that will always be true when the state claim "necessarily raise[s]" a disputed federal issue, as separately required. "The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* at 1066.  A substantial federal issue is "a serious federal interest in claiming the advantages thought to be inherent in a federal forum," one that "justif[ies] resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Grable*, 545 U.S. at 312-13.

Here, the fundamental dispute between the parties is the alleged breach of the Settlement Agreement. (*See* Compl. ¶ 1.) Defendants argue that Plaintiff violated the SOP in the Settlement Agreement, resulting in the issuance of a suspension of Plaintiff's banner tow operations. (*See* Def.'s Arg., at 12-13.)  Plaintiff posits that Defendants breached the Settlement Agreement by failing to report any bona fide emergencies to the Flight Standards District Office of the Federal Aviation Administration as required by the Agreement, failing to convene a meeting with UAA within 24 hours to address the alleged bona fide safety emergencies as required by the Agreement, and erroneously suspending UAA's operations for one day.  I disagree with Plaintiff that substantial federal issues are implicated.

The Settlement Agreement sets forth a process which the parties must follow in the event a potential safety violation has occurred.  The parties only resort to the FAA after Defendants identify a bona fide safety emergency and the parties fail to agree on how to address the issue. In that connection, the Court cannot conceive any federal aviation law, or issues related to it, that would be implicated in this process.  However, Plaintiff argues that federal regulations must be consulted in order to determine whether a violation of the safety standard has occurred.  To the extent that federal law is somehow raised in that regard, it is merely to determine whether the suspension of Plaintiff's banner towing operations was in violation of the Settlement Agreement. The issues here focus on the process agreed upon by the parties, and whether that process was violated.  The question of whether there was an emergency based upon a FAA violation does not even come into play until it is determined that the process under the Settlement Agreement was followed.  As such, the federal issues raised, if any, simply do not predominate. In fact, Plaintiff cites no specific federal statute or regulation in its Complaint.  While this matter may arise out of activities related to aviation, an area of federal law, the federal issue must be substantial for

subject matter jurisdiction to exist under *Grable*. *See Grable* at 314.  Simply put, the central question of this case does not turn on the meaning or construction of a particular federal statute or regulation, but on a dispute over a contract. In other words, the resolution of the issues in this case neither depends on a disputed issue of aviation law, nor resolves any general questions about federal aviation law such that it would create an important precedent controlling in other cases. Hence, none of the raised issues would require the expertise of a federal forum.

Furthermore, allowing these contract-related claims to proceed here could potentially open the federal courthouse door to a significant number of cases and could, therefore, upset the congressionally intended division between state and federal courts. *See Grable,* 545 U.S. at 318. Thus, the present case fails to meet the *Grable* requirements that the federal issue in the case be substantial and, therefore, federal question jurisdiction does not exist.

### ii.  Ancillary Jurisdiction

As the federal courts are courts of limited jurisdiction, enforcement of a settlement agreement requires an independent basis for jurisdiction from the dismissed suit. *See Kokkonen,* 511 U.S. at 378. Parties cannot confer subject matter jurisdiction by consent. *See United States v. Griffin*, 303 U.S. 226, 229 (1938); *United States v. Corrick*, 298 U.S. 435, 440 (1936); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Ancillary jurisdiction may be permissible to "enable a court to function successfully…to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80.  Ancillary jurisdiction would be permissible in such cases where "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381.  If the settlement agreement was

incorporated into the dismissal order, then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* The retention of jurisdiction by a district court must be explicit, as "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.*

The Third Circuit has found the use of the phrase "pursuant to the terms of the Settlement" in a dismissal order is insufficient to retain subject matter jurisdiction. *In Re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999). The mere reference to the fact of the settlement in an order is also insufficient under the *Kokkonen* requirements. *See In Re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999) (citing *Mierner v. Mo. Dep't of Mental Health*, 62 F.3d 1126 (8th Cir. 1995). On the other hand, a dismissal order unambiguously preserves jurisdiction over a settlement agreement when it expressly states that the terms of the settlement are "incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms." *Sander Sales Enters. v. Saks, Inc.*, 245 Fed. App'x 108, 109 (3d Cir. 2007).

Here, critically, the Stipulation of Dismissal did not include the necessary language that the Court expressly retained jurisdiction over the enforcement of the Settlement Agreement. Furthermore, the language in the parties' Settlement Agreement cannot, by itself, create ancillary jurisdiction on consent. As set forth in *Kokkonen*, the retention of jurisdiction must be part of the dismissal order of the original case, not in the parties' contract to settle. *Kokkonen*, 511 U.S. at 381. Moreover, the language in the Stipulation of Dismissal in this case fails to meet the requirements set by *Kokkonen*. None of the terms of the Settlement Agreement are included in the Stipulation and the Court did not retain jurisdiction by any other separate provision. Indeed,

by stating, "in accordance with the Settlement Agreement," the Stipulation of Dismissal did not

incorporate any terms of the Settlement Agreement or retain jurisdiction.  It is the same type of

language the Third Circuit found insufficient in *Phar-Mor*.  Therefore, ancillary jurisdiction is

also lacking.[3]

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.


DATED:  June 11, 2020                                          /s/ Freda L. Wolfson
                                                              Hon. Freda L. Wolfson
                                                              U.S. Chief District Judge

---

[3]      In addition to rejecting Plaintiff's position that this Court has federal question jurisdiction under *Garble* and ancillary jurisdiction, I further decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claims without a federal claim to confer subject matter jurisdiction on the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Lyon v. Whisman*, 45 F.3d 758, 759-60 (3d Cir. 1995).